UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| PETER G., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:23-cv-1061-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | DECISION AND ORDER |
| | § | |
| Defendant. | § | |

## <u>INTRODUCTION</u>

*Pro se* plaintiff Peter G. ("Plaintiff") brings this action against the Commissioner of Social Security (the "Commissioner"), alleging that he is owed $192.598.93 in back social security benefits. *See* ECF No. 1. The parties consented to proceed before the undersigned, in accordance with a standing order. *See* ECF No. 21.

Currently pending before the Court is a motion to dismiss filed by the Commissioner (ECF No. 14), to which Plaintiff has filed a response (ECF No. 18), and the Commissioner has filed a reply (ECF No. 19). Plaintiff thereafter submitted two letters to the Court (ECF Nos. 20 and 22), which the Court has reviewed.  Because these letters do not present any new arguments relevant to the present motion, they need not be considered for purposes of this Decision and Order.

For the reasons set forth below, the Commissioner's motion to dismiss is **GRANTED** on the basis that Plaintiff failed to exhaust administrative remedies.

## <u>FACTUAL BACKGROUND</u>

Plaintiff instituted this action by filing a complaint against the Commissioner on October 6, 2023 (the "Complaint"). *See* ECF No. 1. Thereafter, on October 25, 2023, Plaintiff submitted a "brief" (the "Brief") outlining additional facts of his dispute with the Commissioner. *See* ECF No.

7.  The following facts are taken from the Complaint and the Brief. As required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

Plaintiff describes his cause of action as a dispute regarding Social Security starting benefits award with a demand of $192.598.93 in back benefits. *See* ECF No. 1 at 5. Plaintiff alleges that the Social Security case worker who processed his retirement benefits application in 2012 did not process it correctly, and, as a result, his benefits have been underpaid for 11 years. *See* ECF No. 1 at 4; *see also* ECF No. 7 at 1.

Plaintiff's "working lifetime" for the purposes of Social Security benefits includes earnings from working in the United States ("US"), Austria and Germany, which are subject to a "Totalization Agreement" that allows the US and Austria to each combine US and Austrian earnings for either a benefits application in the US and/or Austria. *See* ECF No. 7 at 2.

Because the US case worker "was not too anxious to work on a combined earning application," an Austrian agent agreed to process Plaintiff's application strictly based on Austrian earnings. However, Plaintiff did not have enough earning months in Austria to file an application solely based on Austrian earnings; he only qualified for a combined Austrian and US earnings benefits application. *See id.*

On October 7, 2012, Plaintiff received an Award Letter indicating a starting benefit payment of $1,393.90. *See id.*

Plaintiff contends that the correct starting benefit amount should have been $2,881.40, not $1,393.90, as shown in the October 2012 Award Letter. Therefore, Plaintiff contends that he has sustained a monthly underpayment of $1,487.50, "plus yearly COLA monies, interest charges and small administrative expenses." *See id.*

## PROCEDURAL BACKGROUND

Plaintiff previously sought judicial review of an agency decision through a civil action filed in 2019. *See Grollitsch v. Comm'r*, 1:19-cv-00708-WMS. The case was remanded by this Court in July 2021 for further administrative proceedings. *Id*. Upon remand, Plaintiff had a hearing before an Administrative Law Judge ("ALJ") in October 2022, after which the ALJ issued a partially favorable decision dated February 6, 2023. *See* ECF No. 14-2 at 2-3. Plaintiff's Complaint (ECF No. 1) did not include or identify the decision at issue, but Plaintiff's filings appear to be challenging that February 6, 2023 ALJ decision. *See* ECF No. 7.

The February 6, 2023 decision notified Plaintiff that he could file written exceptions to the decision with the Appeals Council within 30 days of the date he received the decision, and that if he did not file written exceptions and the Appeals Council did not review the decision on its own, the decision would become final on the 61st day following the date of the decision notice. *See* ECF No. 14-2 at 2-3. On February 7, 2023, Plaintiff sent a letter to the Appeals Council, disagreeing with the decision and requesting an extension of time to submit additional exceptions to the decision. *Id*. at 3

On February 9, 2023, Plaintiff sent a second letter to the Appeals Council, requesting a longer extension of time. *See* ECF No. 14-2 at 3. On March 5, 2023, Plaintiff submitted additional written exceptions to the Appeals Council. *Id*. Plaintiff's exceptions are currently pending with the Appeals Council. *Id*. at ¶ (3)(b).  As explained in the Declaration of Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security

Administration ("Ms. Mapp"), the Appeals Council interpreted Plaintiff's February 7, 2023 letter as written exceptions. *See* ECF No. 14-1 at 3, ¶ (3)(b).[1]

As explained in the Declaration of Jessamyn Hanna, Special Assistant United States Attorney for the United States Attorney's Office in the Western District of New York ("Ms. Hanna"), Ms. Mapp contacted Ms. Hanna on October 23, 2023, requesting that Ms. Hanna  contact Plaintiff and determine whether he wished to withdraw the exceptions and proceed with the civil action. Ms. Hanna, on behalf of the Commissioner, offered Plaintiff the option to withdraw the exceptions from the Appeals Council through the submission of a written affirmation stating that he understood the implications of withdrawing the exceptions, specifically, that if he withdrew the exceptions from the Appeals Council, the Appeals Council would not proceed with any further review of the decision at issue, but Plaintiff declined to do so. *See* ECF No. 14-3 at 2-3.

Thereafter, on January 29, 2024, the Commissioner filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12, or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56, because the conditions for judicial review under 42 U.S.C. § 405(g) have not been met.

## DISCUSSION

The Commissioner argues that Plaintiff failed to exhaust his administrative remedies, which the Court considers a motion to dismiss under Rule 12(b)(6). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111

---

[1] This is in keeping with the regulations, which do not prescribe any particular format for exceptions, and simply state that the exceptions should be filed "by submitting a written statement to the Appeals Council setting forth your reasons for disagreeing with the decision of the administrative law judge or administrative appeals judge." 20 C.F.R. § 404.984(b)(1).

4

(2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

This Court may review only a "final decision" of the Commissioner related to the payment of Social Security benefits. *See* 42 U.S.C. § 405(g). "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted."[2] *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011) (holding that claimant failed to exhaust administrative remedies as

---

[2] Because the failure to exhaust administrative remedies is a waivable requirement under Section 405(g), and the Commissioner's motion involves consideration of matters outside the pleadings, the Court may choose to treat the Commissioner's motion to dismiss as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 6 n.1 (2d Cir. 2011) (citing *Bowen v. City of N.Y.*, 476 U.S. 467, 476 (1986); *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir.2000). The record reflects that the Commissioner has served Plaintiff with a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion for Summary Judgment," in accordance with Local Rule of Civil Procedure 56. *See* ECF No. 14-4. Thus, Plaintiff had "unequivocal" notice that the Commissioner's motion might be treated as one for summary judgment and of the nature and consequences of summary judgment, as well as an opportunity to present opposing evidence. *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir.2009) ("[*P*]ro se parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment."). Because the Court finds that Plaintiff's claim must be dismissed for failure to exhaust his administrative remedies, the result is the same even if treated as a grant of summary judgment pursuant to Rule 56.

required to obtain a final decision reviewable by district court where he did not request reconsideration of the agency's initial determination on his claim and the Commissioner declined to waive the exhaustion requirement). "District courts within the Second Circuit . . . routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations." *Papadopoulos v. Comm'r of Soc. Sec.*, No. 13 CIV. 3163, 2014 WL 2038314, at *3 (S.D.N.Y. May 15, 2014).

To this end, the regulations provide that when a case is remanded by a federal court for further consideration, the post-remand decision will become the final decision of the Commissioner, unless the Appeals Council assumes jurisdiction of the case. *See* 20 CFR § 404.984. As noted previously, the February 6, 2023 ALJ decision at issue in this case is a post-remand decision. The Appeals Council may assume jurisdiction based on the claimant's written exceptions to the decision, or on its own authority. *Id*. Importantly, when timely written exceptions are filed, the Appeals Council's assumption of jurisdiction is mandatory, not discretionary. *Id*. at § 404.984 ("If written exceptions are timely filed, the Appeals Council will consider your reasons for disagreeing with the hearing decision and all the issues presented by your case."). Additionally, when a claimant files written exceptions to the hearing decision, the Appeals Council may assume jurisdiction at any time, even after the 60-day time period which applies when a claimant does not file exceptions. *Id*. at § 404.984(b)(3). When a claimant files written exceptions to a hearing decision, the Appeals Council will consider the arguments raised, and then issue either a notice to the claimant addressing the exceptions and explaining that no change in the hearing decision is warranted, or a new and independent decision that becomes the final decision of the Commissioner. *Id*. at § 404.984(b)(2)-(3).

Accordingly, if timely written exceptions are filed, the post-remand decision does not become the final decision of the Commissioner until the Appeals Council has completed its review. *Id*. Thus, judicial review of a hearing decision is not appropriate if the Appeals Council has assumed jurisdiction of the case, either through the filing of written exceptions by the claimant, or on the Appeals Council's own authority. *See, e.g.*, *Johnson v. Kijakazi*, 2023 WL 6368305, at *1-2 (S.D. Georgia, Aug. 29, 2023) (dismissing complaint for failure to exhaust administrative remedies while exceptions were still pending with the Appeals Council); *Linsky v. Astrue*, 2010 WL 3184485, at *2 (N.D. Cal. Aug. 11, 2010) ("[W]here a plaintiff filed timely written exceptions with the Appeals Council to an ALJ's decision on remand, the plaintiff is obligated to wait for notice of the Appeals Council's action before proceeding to district court.") (internal quotations and citations omitted); *Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 869 (E.D. Texas Aug. 15, 2005) ("Here, however, plaintiff filed exceptions, thus triggering further administrative review, which is not yet complete. Having elected to pursue her additional administrative remedies, plaintiff must await a final decision from the Appeals Council before bringing suit.").

The record before the Court demonstrates that Plaintiff did not exhaust his administrative remedies. Plaintiff timely filed exceptions to the February 6, 2023 ALJ decision with the Appeals Council, and those exceptions are still pending. As such the February 6, 2023 ALJ decision is not yet final, and judicial review is therefore not appropriate under 42 U.S.C. § 405(g). In response to the Commissioner's motion, Plaintiff extensively summarizes his case history with the agency, but he does not show that he exhausted his administrative remedies. *See* ECF No. 18. Plaintiff notes that the Appeals Council offered him the opportunity to withdraw the pending exceptions through a written affirmation stating that he understood the implications of withdrawing the exceptions. *Id*. at 2. However, Plaintiff does not explain why he failed to supply the affirmation requested by the

Appeals Council. *Id*. Accordingly, the exceptions are still pending with the Appeals Council, and Plaintiff has not shown that this Court has jurisdiction over his claim. *See* 20 C.F.R. § 404.984; *Johnson*, 2023 WL 6368305, at *1-2; *Linsky*, 2010 WL 3184485, at *2; *Chamberlain*, 382 F. Supp. 2d at 869. The remainder of Plaintiff's response is devoted to arguing that his monthly benefit amount is incorrect. *Id*. at 2-3. However, these arguments are not relevant to the question of whether this Court has jurisdiction over his claim.

The Court further finds no reason to waive Plaintiff's exhaustion of administrative remedies. *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) ("[E]xhaustion is the rule, waiver the exception." (citation omitted)). "[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997).

Here, the Commissioner reasonably declined to waive Plaintiff's exhaustion requirements. Although the Commissioner offered Plaintiff the option to withdraw the exceptions, the Commissioner required a written affirmation from Plaintiff that he understood the implications of withdrawing the exceptions, which Plaintiff ultimately refused to submit. *See* ECF No. 14-3 at 6. Although Plaintiff submitted a letter to Ms. Hanna stating that he wished to "cancel" the Appeals Council proceedings "at this time," his letter did not demonstrate understanding that withdrawing the exceptions would foreclose any further Appeals Council review of the February 6, 2023 ALJ decision. *See id*. Moreover, when Ms. Hanna contacted Plaintiff by telephone on November 27, 2023, to obtain clarification, Plaintiff repeatedly responded, "that's not right," and refused to provide anything further to withdraw the exceptions from the Appeals Council. *See id*. at 3.

Accordingly, the Commissioner's refusal to waive the exhaustion requirement is not only reasonable, but it protects Plaintiff's right to Appeals Council review. *Id*.

The Court similarly finds that waiver of the exhaustion requirement is not warranted. First, Plaintiff's claim is directly related to his demand for benefits. *See* ECF Nos. 1, 7. Further, the Court cannot conclude that exhaustion would be futile, because "[a] final agency decision and developed written record would ensure a more complete review in federal court." *Escalera*, 457 F. App'x at 7. Finally, no irreparable harm would ensue from requiring exhaustion in this case, because Plaintiff could potentially recover the amount at issue if he prevailed through the administrative process. *See Moore v. Comm'r of Soc. Sec.*, No. 16-CV-1713 (SN), 2016 WL 6581330, at *3 (S.D.N.Y. Nov. 4, 2016).

For all these reasons, the Court finds that dismissal of Plaintiff's claim for failure to exhaust his administrative remedies is appropriate.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice to Plaintiff filing a new action after such administrative remedies have been exhausted. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE